**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
seand@phillipsdayeslaw.com
Direct (602) 288-1610 ext. 301
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZIONA**

| | |
|---|---|
| Marco Sosa; Manuel Yescas-Flores; and Rafael Yescas-Flores<br><br>Plaintiffs,<br><br>vs.<br><br>Mountain View Landscape, Inc., a Arizona Corporation; John Eck and Stephanie Eck, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs allege:

## NATURE OF THE CASE

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id*.

3. Plaintiffs bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs also seek to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia* A.R.S. §12-341.01.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

# PARTIES

9. At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

10. Defendant Mountain View Landscape, Inc. is incorporated in the State of Arizona with its principle place of business in Surprise, Arizona.

11. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant John Eck was and is the owner of Mountain View Landscape, Inc.

12. Upon information and belief, at all times material hereto, Defendants David and Stephanie Eck were and are residents of Maricopa County, Arizona.

13. Stephanie Eck is John Eck's wife. David and Stephanie Eck have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14. At all relevant times, Plaintiffs were each an "employee" of Defendant Mountain View Landscape, Inc., as defined by 29 U.S.C. §203(e)(1).

15. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant Mountain View Landscape, Inc.

16. At all relevant times, Defendant Mountain View Landscape, Inc. was and continues to be an employer as defined in 29 U.S.C. § 203(d).

17. On information and belief, Defendant John Eck is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and is co-equally liable with Defendant Mountain View Landscape, Inc. for all matters.

18. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

19. All Defendants are co-equally liable for all matters.

20. On information and belief, Defendant John Eck made all decisions on the daily activities of their employees and makes all decisions regarding pay policies and exerted financial and operative control over Mountain View Landscape, Inc., and is therefore individually liable under the FLSA.

21. On information and belief, Defendant John Eck had the power to close Mountain View Landscape, Inc.

22. On information and belief, Defendant John Eck had the power to hire and fire employees.

23. On information and belief, Defendant John Eck hired managerial employees.

24. On information and belief, Defendant John Eck maintained employment records.

25. On information and belief, Defendant John Eck profited from the FLSA violations detailed in this complaint.

26. At all times material to this action, Defendant Mountain View Landscape, Inc., was and is an enterprise engaged in commerce or in the production of goods for commerce, as defined by §203(s)(1) of the FLSA.

27. Upon information and belief, at all relevant times, the annual gross revenue of Mountain View Landscape, Inc., exceeded $500,000.00

## FACTUAL BACKGROUND

28. Plaintiff Sosa was hired by Defendants in October 2009 as a non-exempt hourly paid laborer and landscaper.

29. Plaintiff Manuel Yescas-Flores was hired by Defendants in March 2013 as a non-exempt hourly paid laborer and landscaper.

30. Plaintiff Rafael Yescas-Flores was hired by Defendants in May 2009 as a non-exempt hourly paid laborer and landscaper.

31. Plaintiffs' responsibilities included home yard maintenance, cleaning, and

1  landscaping for clientele of Defendants and assist in any other manual laborer tasks that
2  Defendants would require them to complete.

3      32.    Plaintiffs would work on teams and provide these services for clientele.

4      33.    Part of their responsibilities included operating a small pick-up truck. Plaintiffs
5  would meet at Defendants' yard every morning, load the truck with tools, and then leave to the
6  first job each day.

7      34.    At the end of each working day, Plaintiffs were required to clean and gas the
8  truck prior to being allowed to finish work for the day.

9      35.    Plaintiff Sosa was paid $10.75 initially per hour but his pay increased to $13 an
10 hour by 2014

11     36.    Plaintiff Manuel Yescas-Flores was paid $11.50 initially per hour but his pay
12 increased to $12.50 an hour by 2014.

13     37.    Plaintiff Rafael Yescas-Flores was paid $11.00 initially per hour but his pay
14 increased to $13 an hour by 2014.

15     38.    Plaintiffs were non-exempt employees.

16     39.    Plaintiffs were not managers.

17     40.    Plaintiffs did not exercise discretion and independent judgment with respect to
18 matters of significance.

19     41.    Defendants would only pay time and one half for overtime if Plaintiffs worked
20 over 40 hours from Monday to Thursday of each week. Any work performed on Friday,
21 Saturday, or Sunday would be paid at their regular rate, not at time and one half.

22     42.    For example, for the period of March 15, 2014 through March 28, 2014, Plaintiff
23 Sosa worked 139.50 hours in the two weeks. Defendants only paid him for 18.75 hours of
24 overtime at time and one half and paid the remainder at straight time even though Plaintiff
25 worked 59.5 hours of overtime during that period.

43. For the period of October 12, 2013 through October 25, 2013, Plaintiff Manuel Yescas-Flores worked 128.25 hours in the two weeks. Defendants only paid him for 12.25 hours of overtime at time and one half and paid the remainder at straight time even though Plaintiff worked 48.25 hours of overtime for that period.

44. For the period of April 27, 2013 through May 10, 2013, Plaintiff Rafael Yescas-Flores worked 126 hours in the two weeks. Defendants only paid him for 13.25 hours of overtime at time and one half and paid the remainder at straight time even though Plaintiff worked 46 hours of overtime for that period.

45. The preceding three paragraphs are simply examples, Defendants consistently and regularly failed to fully compensate Plaintiffs for their overtime hours at time and one half.

46. Defendants would also dock Plaintiffs' pay and hours for various reasons such as not having the pick-up truck as clean as Defendants' would like, and for taking bathroom breaks.

47. Defendants would not allow Plaintiffs to use the restroom prior to 10 a.m. and were only allowed to have one rest room break for the entire day.

48. Plaintiffs have each had multiple hours of pay docked for various reasons even through the Plaintiffs each actually worked the hours that were docked.

49. For example, for the period of December 9, 2013 to December 23, 2013, Plaintiff Rafael Yescas-Flores was docked two hours of pay for not cleaning the vehicle and having an ice chest in the back of the truck. Plaintiff actually worked the hours but none the less was docked.

50. The preceding paragraph is just an example, as each Plaintiff has suffered his time and pay docked by Defendants even though they actually worked the hours.

51. Plaintiffs would work all hours under the direct supervision of Defendants. Defendants suffered and permitted Plaintiffs to work the hours.

52. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful as Plaintiffs complained about this policy on multiple occasions without any change in policy.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

54. Defendants failed to keep proper time records in violation of the FLSA.

55. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent him in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

56. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

57. While employed by Defendants, Plaintiffs consistently and regularly worked overtime.

58. Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

59. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

60. Under 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

61. In addition to the amount of unpaid wages owed, Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

62. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

1     63.     Defendants have not made a good faith effort to comply with the FLSA.

2     64.     Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs their overtime compensation in the amount due to them for all of their time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs' regular rate while at work for Defendants;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs their reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiffs' costs incurred in this action;

    e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper

## COUNT TWO
## FAILURE TO PAY WAGES

65.     Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

66.     Upon information and belief, Defendants failed to pay Plaintiffs "wages" (as that

1 term is defined by A.R.S. § 23-350) in the amount of regular earnings that are owed. By
2 docking Plaintiffs' pay by an hour for each supposed violation of Defendants' policy even
3 though Plaintiffs actually worked those hours.

4     67. Upon information and belief, Defendants' failure to pay Plaintiffs said wages
5 was willful, unreasonable, and in bad faith.

6     68. Defendants did not rely on a good faith dispute in not paying Plaintiffs their
7 wages.

8     69. Pursuant to A.R.S. § 23-355, Plaintiffs are entitled to an award of treble the
9 amount calculated above.

10     70. Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiffs are entitled to an award of
11 their attorneys' fees and costs incurred in this action.

12     WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor
13 against Defendants:

14         a. Awarding Plaintiffs regular compensation in the amount due to them for all of
15            commissions that they were not compensated for.

16         b. Awarding Plaintiffs treble the amount calculated pursuant to the preceding
17            paragraph.

18         c. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the
19            litigation pursuant to A.R.S. § 12-341.01.

20         d. For Plaintiffs' costs incurred in this action.

21         e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all
22            amounts set forth in subsections (a) and (b) above from the date of the
23            payment due for that pay period until paid in full.

24         f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all
25            awards from the date of such award until paid in full.

g. Ordering any other and further relief as the Court deems just and proper

### COUNT THREE
### <u>DECLARTORY JUDGMENT</u>

71. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

72. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

73. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

74. Plaintiffs may obtain declaratory relief.

75. Defendants employed Plaintiffs.

76. Defendant Mountain View Landscape, Inc. is an enterprise covered by the FLSA.

77. Defendant Eck is individually liable as an employer under the FLSA.

78. Plaintiffs are individually covered by the FLSA.

79. Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. §207.

80. Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

81. Plaintiffs are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remains in effect.

82. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

83. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

84. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    c. For Plaintiffs' costs incurred in this action.

    d. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: October 15, 2014                 Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By  /s/Trey Dayes
     Trey Dayes
     treyd@phillipsdayeslaw.com

Attorneys for Plaintiffs